UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM EDENFIELD,

    Petitioner,

v.                                                                                 Case No. 4:24cv18-AW-HTC

SECRETARY OF THE FLORIDA
 DEPARTMENT OF CORRECTIONS,

    Respondent.

_____/

REPORT AND RECOMMENDATION

    Petitioner, William Edenfield, proceeding *pro se* and *in forma pauperis*, filed an amended petition under 28 U.S.C. § 2254. Doc. 6. For the reasons set forth below, this case should be dismissed for failure to prosecute and to comply with orders of the Court.

    On March 26, 2024, the Court ordered Edenfield to, within thirty (30) days, either submit two (2) service copies of his amended petition, Doc. 6, or pay $0.50 per page for the Court to make the copies. Doc. 12. The Court warned Edenfield his failure to comply with its order could result in a recommendation of dismissal. *Id.* at 2. Edenfield did not timely comply with the March 26 order; on May 3, 2024, the Court gave Edenfield fourteen (14) days to show cause why this case should not

be dismissed due to his failure to comply with the Court's March 26 order. Edenfield has not responded to the May 3 or March 26 Orders in any way.

Thus, the undersigned recommends Edenfield's case be dismissed without prejudice for failure to prosecute and failure to comply with orders of the Court. A district court may dismiss a petitioner's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b)[1] or the court's inherent authority to manage its docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

---

[1] The Federal Rules of Civil Procedure apply to this habeas action. Rules Governing § 2254 Cases, Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

Case No. 4:24cv18-AW-HTC

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED without prejudice for Edenfield's failure to prosecute and to comply with Court orders.

2. A certificate of appealability be DENIED.

3. The clerk be directed to close the file.

At Pensacola, Florida, this 28th day of May, 2024.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.